UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD E. PATTERSON II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:21-cv-366 |
| | ) |
| AMERICAN SENIOR COMMUNITIES, | ) |
| LLC d/b/a WATERS EDGE VILLAGE, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Donald E. Patterson II ("Patterson"), brings this action against Defendant, American Senior Communities, LLC, d/b/a Waters Edge Village ("ASC" or "Waters Edge"), for retaliating against him because of his protected activity, in violation of 42 U.S.C. § 1981.

**PARTIES**

2. Patterson has at all relevant times resided in the Southern District of Indiana.

3. ASC is an Indiana limited liability company located in and doing business in the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Patterson's cause of action arises under 42 U.S.C. § 1981.

5. Venue is proper in the Southern District of Indiana, Indianapolis Division, because all facts, events, and transactions giving rise to this claim occurred in Delaware County, Indiana, which is located in the Southern District of Indiana, Indianapolis Division.

## FACTUAL ALLEGATIONS

6. Patterson is a Certified Nurse's Assistant and is licensed by the State of Indiana.

7. Patterson is Black.

8. ASC hired Patterson to work as a CNA at Waters Edge, located in Muncie, Indiana, on or around May 22, 2018.

9. At all relevant times, Patterson's work performance met ASC's reasonable expectations.

10. In September 2019, Patterson complained to the Waters Edge Director of Nursing, Assistant Director of Nursing, and Administrator that a nurse, named Donnette (a White woman), had used the "N-word" on at least three occasions around him, that he had informed Donnette that this was offensive, and that she should not use that word, and that she continued using it.

11. Patterson's complaint constituted protected activity under 42 U.S.C. § 1981.

12. ASC investigated only the third incident about which Patterson complained, and ignored the fact that Donnette had used the word on at least two other occasions in front of him.

13. ASC placed Donnette on a final written warning, after which she resigned her position.

14. As a result of Donnette's resignation, the Assistant Director of Nursing had to cover her night shifts for several weeks, which frustrated and angered the Assistant Director of Nursing.

15. In August and September 2019, three of Patterson's co-workers, Wanda Wullschleger ("Wullschleger"), Kayla Eldridge ("Eldridge"), and Taylor Quinn ("Quinn"), falsely accused Patterson of physically abusing patients.

16. Wullschleger, Eldridge, and Quinn reported their allegations to other individuals at Waters Edge.

17. ASC did not investigate these allegations or discuss them with Patterson.

18. On or around September 30 or October 1, 2019, Wullschleger again falsely accused Patterson of physically abusing a patient.

19. On October 1, someone from ASC contacted Patterson (who was not working that day) and informed him that he was being suspended pending investigation.

20. On October 4, ASC terminated Patterson.

21. Following his termination, the Indiana State Department of Health suspended Patterson's license, and subsequently held a hearing on the State's petition to revoke his license.

22. After a hearing, the Administrative Law Judge assigned to the case (Case No. NAB-000971-19) denied the petition, and found that Wullschleger's, Eldridge's, and Quinn's claims that Patterson abused patients were not credible.

23. Patterson's license was reinstated and he remains in good standing with the Indiana State Department of Health.

24. ASC had no reasonable belief that Patterson had abused patients or was otherwise a threat to patient health and safety.

## CAUSE OF ACTION

### Retaliation – 42 U.S.C. § 1981

25. Patterson incorporates paragraphs 1-24.

26. ASC terminated Patterson in retaliation for his protected conduct.

27. Any reason given by ASC for Patterson's termination is pretextual.

28. ASC has accorded more favorable treatment to similarly situated employees who did not engage in protected conduct.

29. ASC has violated Patterson's rights as protected by 42 U.S.C. § 1981.

30. ASC's actions were intentional, willful, and in reckless disregard of Patterson's rights.

31. Patterson has suffered and continues to suffer injuries as a result of ASC's unlawful conduct.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Donald E. Patterson II, by counsel, respectfully requests that the Court find for him and order that Defendant:

1. Reinstate Patterson to his prior position, rate of pay, and seniority, and/or pay front pay in lieu of reinstatement;

2. Pay lost wages and benefits to Patterson;

3. Pay compensatory and punitive damages to Patterson;

4. Pay pre- and post-judgment interest to Patterson;

5. Pay Patterson's costs and attorneys' fees incurred in litigating this matter; and

6. Provide to Patterson any and all legal and equitable relief that the Court determines is appropriate.

Respectfully submitted,

John H. Haskin, Atty. No. 7576-49
Samuel M. Adams, Atty. No. 28437-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:       jhaskin@jhaskinlaw.com
             sadams@jhaskinlaw.com
Attorneys for Plaintiff
Donald E. Patterson II

## DEMAND FOR JURY TRIAL

Plaintiff, Donald E. Patterson II, by counsel, demands a trial by jury on all issues so triable.

Respectfully submitted,

John H. Haskin, Atty. No. 7576-49
Samuel M. Adams, Atty. No. 28437-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:        jhaskin@jhaskinlaw.com
              sadams@jhaskinlaw.com
Attorneys for Plaintiff
Donald E. Patterson II